### The FARMERS' BANK *vs.* FREDERICK LEONARD.

A sheriff's return of "levied on lands as per inquisition annexed, subject, &c," does not satisfy the judgment though it might make the sheriff liable.

A judgment is presumed to have been paid after twenty years without demand or recognition; if nothing be shown to account for the delay.

The defendant's poverty and insolvency is evidence going to rebut the presumption of payment.

THIS was a scire facias on a judgment recovered in the late Supreme Court, on the 18th of December, 1818, for $1,410 75. Plea, payment.

The defence rested on lapse of time as evidence of payment; and on proof that the defendant had at different times been in the receipt of considerable means from fees as a magistrate, notary public, lottery commissioner, &c.

Plaintiff, in reply, gave in evidence a number of judgments and executions in 1819-20, and sale of defendant's lands, to show his general insolvency and inability during all the period from 1818 to this time to pay this debt; and offered evidence, also, that he was generally regarded as insolvent.

*Huffington*, *Rogers* and *Wales*, for defendant, contended that there was proof of the defendant's ability to pay; and that the legal presumption of payment arising from the great lapse of time was itself sufficient. This presumption is not so much a presumption of payment, as that the debt has been *released;* and, therefore, the plaintiff is put to his scire facias in order that the defendant may have an opportunity to show his release. As to the long list of judgments offered in evidence, they are all of such a standing as that the jury are bound to presume them paid.

The judgment also *by the record* appears to be satisfied. The return on the execution to a prior judgment shows that $3,400 was levied from the sale of defendant's property; and shows also, a levy upon land; and, as no subsequent disposition of this levy is shown, it is in itself a satisfaction of this judgment: especially when taken in connection with an acquiescence and non-claim of the plaintiff for twenty-nine years.

Proof of insolvency is not sufficient to rebut a presumption of payment. (1 *Camp. R.* 217; 13 *Johns. R.* 538; 1 *Tenn. R.* 63; 7 *Johns. R.* 556; 4 *Burr. R.* 963; 2 *Southard's Rep.* 727.) A man is not to be considered insolvent because he cannot at once pay all his debts; many solvent men cannot do this, though they might pay the several claims as presented.

*Bradford* and *Bayard*, contra.—A return of " levied on land, subject, &c.," is not of itself a legal satisfaction of the judgment. The question of laches does not depend on the ability of the defendant to pay voluntarily, but on the question whether he could have been compelled to pay by legal process.

The presumption of payment arises in twenty years where nothing exists to prevent it. Circumstances rebutting the presumption, are acknowledgments, payments, insolvency, &c. Any circumstances which reasonably prevent the presumption arising, though new in the case, subject it to the same law. Less than twenty years, with cor-

roborating facts, will be sufficient to leave to a jury to find payment upon: twenty years, without any thing else, is sufficient proof of payment from presumption: but more than twenty years, with facts contra rebutting the presumption, will not be sufficient. (1 *Phill. Ev.* 160, 317.) Among these circumstances are relationship; poverty; insolvency, or a state approaching it; long continued and permanent absence, &c., &c. (12 *Vesey, jr.* 266; 19 *Vesey* 196.)

The only case contra, is 1 *Camp.* 217, a nisi prius case, not approved. The mention of this case in text books is no confirmation. Book makers quote every thing they find. On the contrary, the ablest judges, on full argument and advisement, Lord Eskine, Lord Eldon, and Baron Wood, all decide that insolvency is one of the circumstances to rebut the presumption. No American case is cited contra.

This is not like the act of limitation. That is a *bar;* this is a presumption of a fact, and nothing more. The bar may not be removed only under circumstances; the presumption is rebutted and *cannot exist* if any state of facts exists which destroys the presumption. If it was a bar it could be pleaded, as the act of limitation is pleaded; but as a presumption, the fact of payment is pleaded, and time or other facts proved, as a basis for the presumption.

The same difference between the bar of the statute and the presumption must be kept in view in considering what kind of acts shall form exceptions: in the one case, they must be acts of the debtor; in the other, even acts of the creditor, done under circumstances which repel the presumption, may be given in evidence to rebut such presumption. (1 *Cowp. R.* 109; 2 *Ph. Ev.* 316; 3 *M. & Ry.* 118-19, *n.;* 19 *Ves.* 195, *n.* 196; 12 *Ves., jr.* 266; 2 *Com. Law Rep.* 314.)

The Chief Justice charged.

BOOTH, *Chief Justice.*—A judgment was entered in the late Court of Common Pleas, on the 18th of December, 1818, for the plaintiffs against the defendant, for the principal sum of $1,410 75 with interest, together with costs. The plaintiffs have issued a scire facias upon this judgment, to the May term, 1846, calling on the defendant to show cause why an execution should not be issued to obtain satisfaction of the debt and interest due under the original judgment. The defendant put in only the plea of payment. By this plea he admits the existence of the judgment set forth in the scire facias, and cannot controvert it, or make any other defence than such as arises under the plea of payment.

To sustain his plea, he relies 1st, upon the legal effect of the return

of the sheriff to the fi. fa. given in evidence; and 2d, upon the lapse of time.

1. It is contended that where a sheriff makes return to an execution "levied upon lands as per inquisition annexed subject, &c," the legal effect of this return is a satisfaction of the judgment; and that the inference is strengthened after the lapse of thirty years, with an acquiescence during that time on the part of the plaintiff. The court are of opinion, that such a return by the sheriff, has not the legal effect of satisfying the judgment. The return, although not according to law, is one that is common in practice in this county. But it is well understood as meaning that the levy is made subject to prior liens and incumbrances. Not being in accordance with the provisions of our act of assembly on this subject, it might make the sheriff liable to the plaintiff by reason of the defectiveness of the return, but cannot have the legal operation or effect of satisfying the judgment.

2. It is a well established rule of law, that where a debt due by specialty has not been demanded by the plaintiff, or acknowledged or recognized by the defendant, for twenty years, and nothing is shown to account for the delay, the debt shall be presumed to have been fully paid and satisfied.

This rule applies not only to bonds, but to mortgages, judgments, recognizances, decrees, and other debts of record. If the presumption is not repelled by sufficient legal evidence, it becomes absolute and conclusive; and the jury are bound to render a verdict for the defendant, although they may individually believe, that the debt has not been paid.

The rule is founded on the common experience of the conduct of men in relation to the transaction of business; and was intended for the security and repose of society, by discountenancing suits for stale demands, and discouraging the laches and negligence of parties in delaying to prosecute their claims, for an unreasonable length of time, when they had the means and opportunity of enforcing them.

The rule also was intended for the protection of the debtor, whose receipts or vouchers may perhaps be lost; or witnesses be dead or removed; or the true state of the transactions be otherwise obscured by lapse of time. It is better for the peace and repose of society, and the ends of justice, that the presumption arising from lapse of time should be adhered to, and not be easily rebutted; although, in many cases, it may be contrary to the actual truth of the case.

Although this rule is well established, it is equally well settled, that in all cases, the presumption of payment arising from lapse of time,

may be repelled by countervailing evidence, which satisfies the minds of a jury, that the debt is still due and unpaid. The evidence for this purpose must consist: 1st. Of an unconditional and unqualified acknowledgment or admission, either express or implied, on the part of the defendant within twenty years, of the justness of the claim and that it is still due: or 2d. A payment on account of either the principal or interest, either of which is an implied recognition of the debt: or 3d. The situation, condition, or circumstances of the parties, such as the absence of the plaintiff or the defendant in a foreign country; or the insolvency or embarrassed condition of the plaintiff or the defendant. There is no evidence either of the first or second description. But the plaintiffs contend that there is sufficient and competent evidence of the third description to rebut the presumption of payment in the present case.

The question is presented, whether the poverty or insolvency of the defendant, or a state approaching or manifestly tending to insolvency, is admissible in evidence. The court are of opinion that it is. The indigent circumstances of a creditor who holds a bond, and had the opportunity to collect it from his debtor, but makes no demand of payment either of the principal or interest, for a period of twenty years, afford strong presumptive evidence of payment or satisfaction. So, on the other hand, and for the same reason, the indigent circumstances of a debtor, his hopeless insolvency, and inability to pay his debts, are properly admissible in evidence, for the purpose of repelling presumption of payment or satisfaction arising from lapse of time.

Therefore, if the jury are satisfied that the defendant was in such a state of indigence or insolvency since the year 1820, that he was unable to pay this judgment and other debts which had priority or preference, the presumption of payment is repelled, and the verdict ought to be for the plaintiffs. But if the jury are satisfied from the evidence in this cause, that the defendant, although in indigent or embarrassed circumstances since the year 1820, had during that period, either from visible property, or from other resources from which payment might have been coerced by the use of legal process either against his property or his person, the means of paying this judgment and other judgments having a priority of lien upon any land or real property which he may have had, and also all other debts, which by the use of legal diligence could have been made to have a priority over this claim; or, in other words, if it appears to the satisfaction of the jury, that this judgment might have been collected by the use of

legal process at any time since the year 1820, the presumptive bar from lapse of time is not removed, and in such case the verdict ought to be for the defendant.

Verdict for plaintiffs.

*Bradford* and *Bayard*, for plaintiffs.

*Huffington, Rogers* and *Wales*, for defendant.